UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TROY JENKINS | CIVIL ACTION |
| VERSUS | NO. 06-6355 |
| ARIES MARINE CORPORATION, ET AL. | SECTION "N" (3) |

**ORDER AND REASONS**

Before the Court is the **Motion for Rule 54(b) Judgment Certification (Rec. Doc. 121)**. After reviewing the memoranda filed by the parties and the applicable law, this Court now rules as follows.

As this Court stated in *Gulf Belting & Gasket Co., Inc. v. Select Ins.*, 2005 WL 3543785 (E.D.La. 2005):

> Federal Rule of Civil Procedure 54(b) allows a court dealing with multiple claims or parties to direct the entry of a final judgment "as to one or more but fewer than all of the claims or parties" in a case, "upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed.R.Civ.P. 54(b). Before directing entry of judgment under Rule 54(b), a district court must first determine that the judgment at issue is a "final judgment" in that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 466 U.S. 1, 7, 104 S.Ct. 1673, 80 L.Ed.2d 1 (1980). The court must then determine whether there is any just reason for delay. Id. at 8. The district judge has discretion in this regard. *Id.*

*Id.* at *1.

1

Here, the Court's April 30, 2008 Order and Reasons granted summary judgment in favor of Aries Marine Corporation ("Aries") and Noble Drilling (U.S.) Inc. ("Noble") and enforced the indemnity agreement between Aries and Third-Party Defendant Royal Eagle Services, LLC ("Royal Eagle"). While Royal Eagle has no objection to this request for a Rule 54(b) Judgment, Plaintiff Troy Jenkins ("Jenkins") does oppose this request. Jenkins asserts that directing an entry of Final Judgment as to his Jones Act status, and subsequent submission of the issue to the Fifth Circuit for review, will likely result in the postponement the January 5, 2009 trial of this matter.

The Court finds it significant here that allowing this piecemeal appeal may result in a postponement of January 2009 trial date. Further, the Court notes that this case has been pending since 2006. In other words, this is not a situation where the remaining claims are in the relatively early stages of litigation. Essentially, the Court determines that Jenkins, who instituted this litigation, should not be forced to wait for Defendants' issues between themselves to be resolved before he can proceed with his underlying claim. Accordingly,

**IT IS ORDERED** that the **Motion for Rule 54(b) Judgment Certification (Rec. Doc. 121)** is **DENIED**.

New Orleans, Louisiana, this 4th day of August, 2008.

_____
**KURT D. ENGELHARDT**
**United States District Judge**